IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 06-cv-01688-LTB-KLM

CLARENCE G. WALTERS,

 Plaintiff,

v.

ENCOMPASS INSURANCE COMPANY OF AMERICA,

 Defendant.

_____

ORDER
_____

  This matter is before me on a Motion *In Limine* Regarding Medical Bill Damages and the Collateral Source Rule As Embodied in C.R.S. § 13-21-111.6, filed by Plaintiff, Clarence G. Walters [**Doc #15**]. Also before me is a related Motion for Determination of Law Regarding Plaintiff's Recovery of Medical Expenses Greater Than Amount Paid to Providers, filed by Defendant, Encompass Insurance Company of America [**Doc #17**]. Oral arguments will not materially aid in the resolution of these motions. After consideration of the parties' briefs and related attachments, I DENY both motions.

### I. Underlying Facts

  Plaintiff was involved in a car accident with an underinsured motorist. He subsequently submitted a claim to Defendant, his automobile insurance carrier, for his underinsured motorist benefits related to his excess damages and losses. The parties were unable to reach an agreement regarding the value of Plaintiff's claim, and Plaintiff subsequently filed this lawsuit against

1

Defendant for breach of contract. The only issue in this case is the value of Plaintiff's underinsured motorists benefits claim.

## II.  Motion *In Limine*

In Plaintiff's motion *in limine*, he seeks a pretrial ruling precluding Defendant from presenting evidence to the jury of the amount paid for his medical expenses by Plaintiff's health insurance carrier. Plaintiff asserts that he is a member of Kaiser Permanente of Colorado ("Kaiser"), which has paid his medical treatment expenses minus his co-pay and deductible amounts. The parties agree that the amount actually paid by Kaiser and Plaintiff toward his medical bills is less than the amount billed. For the limited purpose of this motion, Plaintiff avers that the total charges billed by his medical providers is approximately $61,000, and that the total amount paid by Kaiser for his medical bills is approximately $25,000. It is uncontested that the health care providers accepted Kaiser's payment in full satisfaction of his medical bills, and that Plaintiff has no obligation to pay any balance.

Plaintiff argues that Defendant should be precluded from arguing that the paid amount – as opposed to the billed amount – is the reasonable measure of damages. Plaintiff maintains that, under Colorado law, the appropriate measure of damages is the reasonable amount charged for his health care, not the discounted amounts actually paid. As a result, Plaintiff seeks a pre-trial ruling that Defendant may not argue or present evidence that the payments made by Kaiser in satisfaction of Plaintiff's medical bills constitutes his reasonable medical damages.

Plaintiff's sole remaining claim in this case is for breach of the parties' underinsured motorist insurance contract. An insurance policy is a contract and should be construed in accordance with general principles of contractual interpretation. *See Wota v. Blue Cross & Blue*

2

*Shield,* 831 P.2d 1307, 1309 (Colo.1992). As a result, if Defendant breached the insurance contract, Plaintiff may recover the amount of damages necessary to place him in the same position he would have occupied had the breach not occurred. *See Smith v. Farmers Ins. Exchange*, 9 P.3d 335, 337 (Colo. 2000)(*citing Pomeranz v. McDonald's Corp.*, 843 P.2d 1378, 1381 (Colo.1993)).

In *Smith v. Farmers Insurance Exchange, supra*, 9 P.3d at 337-38, the plaintiff won a judgment against his motor vehicle liability insurer for breach of his no-fault insurance benefits contract. On appeal of the jury award, the Colorado Supreme Court ruled that because the applicable law did not preclude the health care providers from collecting the amount billed in excess of the payments made by Medicare from the plaintiff, the jury award for actual damages – which equaled the entire cost of the plaintiff's medical treatment, including the payments made by Medicare – was upheld. *Id.* When finding that it would be against public policy to allow the insurance company to benefit from its breach – by limiting its liability to the amount paid by Plaintiff and Medicare, as opposed to the amount billed by the medical providers – the court specifically noted that "[a]lthough the medical providers could pursue [the insurance company] directly for payment, they chose instead to bill [Plaintiff who] then, should have the option of seeking damages from [the insurance company] that include costs owed to the providers." *Id.* at 341.

However, in this case, unlike *Smith v. Farmers Insurance Exchange*, *supra*, it is undisputed that Plaintiff is not responsible for the amount he was *actually charged or billed* ($61,000) by his health care providers over and above the amount that he and Kaiser *actually paid* ($25,000) in full satisfaction of those bills. The "correct measure of compensable damages

3

for medical expenses is the necessary and reasonable value of the services rendered, rather than the amount actually paid for such services." *Lawson v. Safeway, Inc.,* 878 P.2d 127, 131 (Colo. App. 1994)(*citing Palmer Park Gardens, Inc. v. Potter,* 425 P.2d 268, 272 (Colo. 1967)). However, the amount paid is "some evidence of their reasonable value." *Id.*  As a result, both the amount he was *actually charged* by his health care providers, and how much Plaintiff and Kaiser *actually paid* in satisfaction of the medical bills is relevant evidence of the necessary and reasonable value of the medical services rendered in this case.

  I note that both Plaintiff and Defendant argue that Colorado's collateral source rule mandates that either the amount charged or, alternatively, that the amount paid on the medical bills constitutes the proper medical damages in this case.  Colorado's collateral source rule requires that a plaintiff's damage award shall be reduced by the amount by which the plaintiff is compensated for a loss from a collateral source. C.R.S. § 13-21-111.6; *Van Waters & Rogers, Inc. v. Keelan*, 840 P.2d 1070, 1074 (Colo. 1992).   The statute further provides for a "contract exception," as is relevant here, which allows for no reduction "by the amount by which such person . . .  has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person."  C.R.S. § 13-21-111.6*; see also Colorado Permanente Medical Group, P.C. v. Evans,* 926 P.2d 1218, 1237 (Colo. 1996); *Van Waters & Rogers v. Keelan*, *supra*, 840 P.2d at 1075 (applying the contract exception of the collateral source rule to find no setoff of a damage award for disability benefits received by the plaintiff);

  However, because I have determined that both the amount billed and the amount paid are relevant to the jury's determination of the necessary and reasonable value of the medical services

rendered, the collateral source rule does not preclude either parties' evidence as to these damages. Rather, the rule may – or may not – apply after the jury has returned a verdict. Colorado's collateral source rule specifically provides for the reduction of certain amounts by the court *after* a jury verdict is awarded. *See* C.R.S. § 13-21-111.6.   The parties are, in essence, seeking an impermissible advisory opinion as to a post-verdict ruling.

Therefore, I deny Plaintiff's motion *in limine* seeking to preclude evidence and argument by Defendant related to the amount paid for Plaintiff's medical expenses.

## II.  Motion For Determination of Law

For the reasons stated above, and the fact that Defendant has failed to refer me to any legal authority for such a ruling, I likewise deny Defendant request for a determination of law related to the applicability of Colorado's collateral source rule and its "contract exception," codified at C.R.S. § 13-21-111.6, to any future jury verdict in this case.

Accordingly, it is ORDERED that:

1) Plaintiff's Motion *In Limine* Regarding Medical Bill Damages and the Collateral Source Rule As Embodied in C.R.S. § 13-21-111.6 [**Doc #15**] is DENIED; and

2) Defendant's Motion for Determination of Law Regarding Plaintiff's Recovery of Medical Expenses Greater Than Amount Paid to Providers [**Doc #17**] is DENIED.

Dated: October   18  , 2007,  in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE